UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPIN MYERS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>K. BATES, et al.,<br><br>　　　　　Defendants. | No. 2: 19-cv-00786 CKD P<br><br><br>ORDER TO SHOW CAUSE |

　　　For the reasons stated herein, Deputy Attorney General J. Bridges and the California Department of Corrections ("CDCR") are ordered to show cause why sanctions should not be imposed based on their conduct at the October 22, 2020 settlement conference held in this action before the undersigned.

　　　Deputy Attorney General Bridges appeared on behalf of defendants at the settlement conference. Deputy Attorney General Bridges informed the undersigned that he was only authorized to settle this action for a minimal amount. The undersigned asked Deputy Attorney Bridges if someone at CDCR was available to authorize a larger settlement amount. Deputy Attorney Bridges informed the undersigned that he did not think that consulting with CDCR would "make any difference." The undersigned asked Deputy Attorney General Bridges to call CDCR.

////

1

After making a telephone call, Deputy Attorney General Bridges informed the undersigned that the CDCR official responsible for this action was not available. Deputy Attorney General Bridges informed the undersigned that only the Legal Officer of the Day was available. The Legal Officer of the Day, who apparently knew nothing about this action, informed Deputy Attorney Bridges that they could not authorize Deputy Attorney Bridges to settle this action for more than the minimal amount originally offered.[1]

During the settlement conference, it became apparent that Deputy Attorney General Bridges had not spoken with plaintiff prior to the settlement conference. It is clear that plaintiff would have rejected the offer made at the settlement conference had it been communicated to him prior to the settlement conference. In that case, Deputy Attorney General Bridges could and should have opted out of the settlement conference.[2]

At the settlement conference, the undersigned also discussed with Deputy Attorney General Bridges the possible settlement of two other actions filed by plaintiff. i.e. case nos. 2:20-cv-00151 DMC P and 2:20-cv-0153 DB P. Deputy Attorney General Bridges informed the undersigned that he was unaware of these cases because they had not been served on any defendants, and indicated that he was not prepared to discuss settling these two cases. The undersigned reminded Deputy Attorney General Bridges that preparation for settlement conferences, as discussed at training offered by the court and attended by Deputy Attorney General Bridges, includes reviewing CM/ECF to determine whether the plaintiff/inmate has other cases, including unserved cases.

////

---

[1] The order setting the settlement conference specifically stated, "A representative with full and unlimited authority to negotiate and enter a binding settlement on the defendants' behalf shall attend in person." (ECF No. 19 at 1-2.) The order also stated, "Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions." (Id. at 2.)

[2] The order referring this action to the Post-Screening ADR Project directed defense counsel to speak with plaintiff before the settlement conference and move to opt out of the pilot project if defense counsel in good faith determined that a settlement conference would be a waste of resources. (ECF No. 15 at 2: 2-5.)

Based on the non-negotiable, minimal amount offered by defendants, this action did not settle.

By failing to investigate whether plaintiff had other cases, failing to communicate with plaintiff before the settlement conference and failing to ensure that someone from CDCR with settlement authority was available at the settlement conference, Deputy Attorney General Bridges wasted the undersigned's time as well as the time and resources of other officers of this court. CDCR also wasted the undersigned's time by failing to have someone with settlement authority available at the time of the settlement conference.

Accordingly, Deputy Attorney General Bridges is ordered to show cause why sanctions should not be imposed for 1) attending the settlement conference in this action with a minimal offer and failing to communicate this minimal offer to plaintiff prior to the settlement conference; 2) failing to research plaintiff's other actions prior to this settlement conference; and 3) failing to ensure that someone from CDCR with settlement authority was available at the time of the settlement conference.

CDCR is ordered to show cause why sanctions should not be imposed for CDCR's failure to have a person with settlement authority available at the time of the settlement conference.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. Deputy Attorney Bridges and CDCR shall show cause why sanctions should not be imposed for the reasons discussed above <u>within fourteen days</u> of the date of this order;
2. The Clerk of the Court is directed to serve this order on Supervising Deputy Attorney General Monica Anderson and on CDCR General Counsel Jennifer Neill at Jennifer.neill@cdcr.ca.gov;

////

////

---

[3] Students from the McGeorge School of Law Legal Clinic attended the settlement conference in this action in order to help them learn about the process of settlement conferences. The conduct of Deputy Attorney General Bridges and CDCR at the settlement conference undermined this objective.

3. In all further settlement conferences before the undersigned attended by deputies from the Torts Section of the Office of the Attorney General, CDCR shall have a representative attend via Zoom, a person with authority to authorize settlements.

Dated: October 23, 2020

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Myers786.ord