UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPIN MYERS,<br><br>          Plaintiff,<br><br>    v.<br><br>K. BATES, et al.,<br><br>          Defendants. | No. 2: 19-cv-00786 CKD P<br><br><br>ORDER |

On October 23, 2020, the undersigned ordered Deputy Attorney General J. Bridges to show cause why sanctions should not be imposed against him or CDCR counsel as a result of the October 22, 2020 settlement conference held in this action before the undersigned. (ECF No. 24.) On November 4, 2020, Deputy Attorney General Bridges filed a response to the order to show cause. (ECF No. 25.)

For the reasons stated herein, the undersigned discharges the order to show cause, with the following observations.

The order to show cause directed Deputy Attorney Bridges to show cause why sanctions should not be imposed for his failure to communicate with plaintiff prior to the settlement conference. (ECF No. 24 at 3.) The order to show cause noted that the May 1, 2020 order referring this action to the Post-Screening ADR Project directed defense counsel to speak with plaintiff before the settlement conference and move to opt out of the pilot project if defense

1  counsel in good faith determined that a settlement conference would be a waste of resources.  (Id.
2  at 2, n.2.)

3  In the response to the order to show cause, Deputy Attorney General Bridges did not
4  address his failure to communicate with plaintiff prior to the settlement conference.  Accordingly,
5  the undersigned assumes that Deputy Attorney General Bridges, in fact, failed to communicate
6  with plaintiff prior to the settlement conference, as required by the May 1, 2020 order.  The
7  undersigned is disturbed by Deputy Attorney General Bridges' failure to fulfill this obligation.

8  The order to show cause also directed Deputy Attorney General Bridges to show cause
9  why sanctions should not be imposed for his failure to research plaintiff's other actions prior to
10  the settlement conference.  (Id. at 3.)  At the settlement conference, the undersigned discussed
11  with Deputy Attorney General Bridges the possible settlement of two other actions filed by
12  plaintiff, i.e., case nos. 2:20-cv-00151 DMC P and 2:20-cv-0153 DB P.  (Id. at 2.)  Deputy
13  Attorney General Bridges informed the undersigned that he was unaware of these cases because
14  they had not been served on any defendants, and indicated that he was not prepared to discuss
15  settling those two cases.  (Id.)

16  In the response to the order to show cause, Deputy Attorney Bridges states that, as
17  required by the Department of Justice and CDCR's guidelines, he researched his office's database
18  to find any other current pending claims filed by plaintiff in which the Department of Justice
19  represents the defendants. (ECF No. 25 at 7.)  Deputy Attorney General Bridges states that he
20  was not aware of 2:20-cv-00151 and 2:20-cv-0153 because he did not represent the defendants in
21  those cases and he was unaware if CDCR could or would represent defendants in those filings.
22  (Id. at 2.)

23  As stated by the undersigned at the settlement conference and in the order to show cause,
24  brown bag training sessions offered by the court, attended by Deputy Attorney General Bridges,
25  provide information that preparation for settlement conferences includes reviewing CM/ECF to
26  determine whether the plaintiff/inmate has other cases, including unserved cases. (ECF No. 24 at
27  2.)  In the response to the order to show cause, Deputy Attorney General Bridges does not discuss
28  this training he allegedly received.  The undersigned is disturbed by Deputy Attorney Bridges'

2

1 failure to fulfill his obligation to review CM/ECF for other cases filed by plaintiff prior to
2 attending the settlement conference.

3 Finally, in the order to show cause, the undersigned ordered Deputy Attorney Bridges to
4 show cause for his failure to ensure that someone from CDCR with settlement authority was
5 available at the time of the settlement conference.  (Id. at 3.)  The order to show cause observed
6 that during the settlement conference, the undersigned asked Deputy Attorney General Bridges to
7 call CDCR to find out if someone was available to authorize a larger settlement amount.  (Id. at
8 2.)  After making a telephone call, Deputy Attorney General Bridges informed the undersigned
9 that the CDCR official responsible for this action was not available.  (Id.)  Deputy Attorney
10 General Bridges informed the undersigned that only the Legal Officer of the Day was available.
11 (Id.)  The Legal Officer of the Day informed Deputy Attorney General Bridges that they could
12 not authorize Deputy Attorney General Bridges to settle this action for more than the minimal
13 amount originally offered.  (Id.)

14 In the response to the order to show cause, Deputy Attorney General Bridges states that
15 the Legal Officer of the Day "had full access to the file, was aware of the settlement conference,
16 and was fully aware of the settlement evaluation prior to receiving the phone call from Deputy
17 Attorney General Bridges."  (ECF No. 25 at 3.)

18 It appears to the undersigned that while the Legal Officer of the Day technically had
19 settlement authority, that person was not familiar with the facts of this case and potentially any
20 other relevant information at the time they received the telephone call from Deputy Attorney
21 General Bridges.  It appears that the Legal Officer of the Day's decision not to authorize a higher
22 settlement amount was made "on the fly," after quickly reviewing the file during the telephone
23 call with Deputy Attorney General Bridges.  The CDCR Chief Deputy General Counsel assigned
24 to the case should have been available at the time of the settlement conference.

25 Despite the concerns expressed above, the order to show cause is discharged.  However,
26 the undersigned also orders that in all future settlement conferences before the undersigned
27 attended by deputies from the Torts Section of the Office of the Attorney General, the DAG shall
28 have a CDCR representative attend via Zoom with authority to authorize settlements.  The

CDCR representative with the authority to authorize settlements shall have knowledge of the case prior to the settlement conference and, preferably, be the CDCR Counsel assigned to the case.

Accordingly, IT IS HEREBY ORDERED that:

1. The October 23, 2020 order to show cause (ECF No. 23) is discharged;
2. In all future settlement conferences before the undersigned attended by deputies from the Torts Section of the Office of the Attorney General, the DAG shall also have a CDCR representative attend via Zoom with authority to authorize settlements. The CDCR representative with the authority to authorize settlements shall have knowledge of the case prior to the settlement conference and, preferably, be the CDCR Counsel assigned to the case; and
3. The Clerk of the Court shall serve this order on Supervising Deputy Attorney General Monica Anderson.

Dated: November 10, 2020

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

My786.dis