UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPIN MYERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. BATES, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-00786-CKD<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed May 3, 2019 against defendants Bates, Garcia, and Prasad for Eighth Amendment claims of deliberate indifference to plaintiff's nutritional needs following his May 3, 2018 surgery for: 1) failing to provide liquid nutritional supplements between August 16, 2018 and August 29, 2018; and, 2) removing plaintiff from a full liquid diet/liquid nutritional supplement diet without any form of a transitional diet. Currently pending before the court is plaintiff's motion to quash or modify a subpoena issued by defendants for his medical records. ECF No. 16. Defendants have filed an opposition and plaintiff has filed a reply. ECF Nos. 18, 20. For the reasons discussed below, the undersigned grants plaintiff's motion to quash, in part, and denies it in part.[1]

/////

---

[1] The stay of this case that was originally entered on May 1, 2020 and subsequently extended on September 2, 2020 is lifted since as this case was not resolved via settlement. Concurrently with this order, the court is issuing a Discovery and Scheduling Order governing this case.

1

### I. Motion to Quash or Modify Subpoena

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiff filed a motion to quash, or in the alternative, modify defendants' subpoena to the California Health Care Facility where plaintiff is housed seeking "[a]ny and all booking medical records" and "[a]ny and all radiology films and/or diagnostic images from May 1, 2014 to the present…." ECF No. 16 at 8-9. Plaintiff asserts that "the subpoena goes beyond the need for discoverable information that defendants may need to support a defense to any of plaintiff's claims, and seeks otherwise confidential medical information that plaintiff has not put into issue…." ECF No. 16 at 1-2. In his motion, plaintiff challenges the subpoenaed documents on the grounds of relevancy. Id. at 2. In an effort to modify the scope of the subpoena, plaintiff indicates that he is willing to assign a release form for his medical records that are "reasonably requested." Id. at 6.

In response, defendants filed a "conditional non-opposition" to plaintiff's motion because it is "well-taken." ECF No. 18 at 1. As a result, defendants propose modifying their subpoena request to limit the scope of the requested documents to "any and all of plaintiff's medical records from January 1, 2015 to present." ECF No. 18 at 1-2. Defendants further agree to withdraw their subpoena request for plaintiff's radiology records. Id.

By way of reply, plaintiff agrees to the modifications proposed by defendants, but with "reservations." ECF No. 20 at 1. Plaintiff still contends that the request for his medical records from January 1, 2015 to the present is overly broad. Id.

### II. Legal Standards

The court must quash or modify a subpoena that requires the disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3) (A). Here, plaintiff is seeking to modify a subpoena issued to the CDCR, who is not a party to this civil action. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2459 (3d ed. 2008) (footnote omitted); see also Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually

Case 2:19-cv-00786-CKD   Document 28   Filed 12/30/20   Page 3 of 4

does not have standing to object to a subpoena directed to a non-party witness."); United States v. Tomison, 969 F.Supp. 587, 596 (E.D. Cal. 1997) ("A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests.").

### III.   Analysis

While plaintiff's right to privacy in his medical records gives him standing to challenge the subpoena, plaintiff does not identify any legal basis for modifying defendants' subpoena to only those records from 2018 to the present. See Jacobs v. Connecticut Community Technical Colleges, 258 F.R.D. 192, 195 (D. Conn. 2009) (stating that "the plaintiff clearly has a personal privacy right and privilege with respect to the information contained in his psychiatric and mental health records.  Hence, the plaintiff's interest in keeping this information gives him standing under Rule 45(c)(3)(A) to challenge the subpoena.").  Because plaintiff's medical condition following his surgery in May 2018 is the subject of the complaint, there is no discernable basis to deny the proposed subpoena modification.  Plaintiff's medical records prior to his surgery in 2018 are relevant in determining what his daily nutritional needs were and whether they changed over time.  Defendants' proposed modification to the subpoena therefore seems reasonable. Accordingly, plaintiff's motion to quash defendants' subpoena for his medical records is granted in part and denied to the extent that plaintiff challenges the requested modification seeking his medical records from January 1, 2015 to the present.

### IV.   Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the motion to quash or modify defendants' subpoena.  Based on defendants' agreement that the subpoena request is overly broad, the court is granting your motion.  However, because your medical records prior to your May 2018 surgery are relevant, the court is allowing defendants to modify the subpoena to request your medical records from January 1, 2015 to the present.

/////

3

Accordingly, IT IS HEREBY ORDERED that:

1. The stay of this case that was originally entered on May 1, 2020 and subsequently extended on September 2, 2020 is lifted because this case was not resolved via settlement.

2. Plaintiff's motion to quash or modify defendants' subpoena for his medical records (ECF No. 16) is granted in part and denied in part as explained herein.

3. Defendants' subpoena issued on May 14, 2020 to the California Health Care Facility is hereby quashed.

4. Defendants shall reissue the CHCF subpoena limiting the request for plaintiff's medical records to those from January 1, 2015 to the present. The subpoena shall specifically exclude any and all radiology and/or diagnostic images.

5. A copy of this order shall be served on Erin Takehara, Litigation Coordinator at the California Health Care Facility-Stockton, 7707 Austin Road, Stockton, CA 95215.

Dated:  December 30, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/myer0786.quash.docx