UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPIN MYERS, | No. 2:19-cv-00786-CKD P |
| Plaintiff, | |
| v. | ORDER |
| K. BATES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 3, 2021, defendants filed a motion for summary judgment. ECF No. 34. Plaintiff has filed a motion to continue the discovery period and to defer consideration of the pending summary judgment motion pursuant to Local Rule 260. ECF No. 36. As discovery in this case closed on May 4, 2021, the court will liberally construe plaintiff's motion as a request to modify the discovery and scheduling order by reopening the discovery period. See ECF No. 27 (Discovery and Scheduling Order).

Local Rule 260(b) requires the party opposing summary judgment to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." In addition, Rule 16(b) of the Federal Rules of Civil Procedure permits a scheduling order to "be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking

1

the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Here, the majority of plaintiff's 120 page motion describes his health history dating back to 1988. ECF No. 36. Plaintiff does not describe which particular facts or issue require the discovery period to be reopened in order to properly respond to the pending summary judgment motion. He does indicate, however, that he did propound discovery on defendants and that responses were received. Therefore, it appears to the court that the discovery time period permitted in this case was sufficient. While plaintiff asserts that he has been diligent based on his medical conditions, a review of the docket in this case indicates that plaintiff made no attempt to extend the discovery period between December 2020, when it was set, and January 20, 2022, almost two months after the pending summary judgment motion was filed. Even plaintiff acknowledges being able to initiate and file another civil action during this time period. See ECF No. 36 at 17 (explaining the filing of a writ of habeas corpus pursuant to the All Writs Act). The court will deny plaintiff's motion to modify the discovery and scheduling order based on lack of good cause shown and lack of diligence. However, the court will sua sponte grant plaintiff an extension of time to file an opposition to defendant's summary judgment motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file a motion to reopen discovery (ECF No. 35) is denied as moot based on plaintiff's subsequent filing.
2. Plaintiff's motion to continue the discovery period and to defer consideration of the pending summary judgment motion (ECF No. 36) is denied.
3. Within 21 days from the date of this order, plaintiff shall file an opposition to the motion for summary judgment or a statement of non-opposition.
4. Failure to file an opposition or statement of non-opposition within the time provided will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

/////

1  Dated: April 19, 2022

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/myer0786.deferMSJ.docx