UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPIN MYERS, | No. 2:19-cv-00786-CKD P |
| Plaintiff, | |
| v. | ORDER |
| K. BATES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C.§ 1983.  On May 15, 2022, plaintiff filed a motion for relief from the court's order denying his motion to reopen discovery and to defer ruling on defendants' motion for summary judgment.  ECF No. 38.  In his motion, plaintiff emphasizes that his prior motion never informed the court that he had actually been able to file another civil action.  ECF No. 38 at 2.  Instead, plaintiff points out that he merely prepared another civil action to be filed, but he has not been able to print it out or to file it.  Id. at 2-4.  Plaintiff also restates other portions of his prior motion to reopen discovery, including his difficulties in accessing a typewriter capable of one-handed operation.  Id. at 5-8.  Lastly, plaintiff argues that because defendants did not oppose the motion, the court should have granted it.  Id. at 8-9.

Plaintiff relies on Rule 60(b) of the Federal Rules of Civil Procedure which allows a party to be relieved "from a final judgment, order, or proceeding for…:  (1) mistake, inadvertence,

1

surprise, or excusable neglect; (2) newly discovered evidence…; (3) fraud…, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied…; or, (6) any other reason that justifies relief." See ECF No. 38 at 1.  Specifically, plaintiff contends that the court's order should be set aside due to his excusable neglect based on his disabilities and "any other reason that justifies relief." ECF No. 38.  Rule 60(b)(6) is an equitable remedy that applies when there is a reason not within the scope of Rule 60(b)(1)-(5) that justifies granting relief.  Community Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002).  A party invoking Rule 60(b)(6) must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute his case." Id. (citations omitted).

        Plaintiff's motion simply quotes passages from his prior motion to reopen discovery and to defer the pending summary judgment motion.  However, the court reviewed that pleading in its entirety prior to issuing its order of April 20, 2022.  Therefore, plaintiff has not presented any basis to be relieved from the court's order denying his motion to reopen discovery and to defer consideration of the pending summary judgment motion.  Plaintiff clearly disagrees with the court's April 20, 2022 order, but such disagreement is not grounds for Rule 60(b) relief.  As plaintiff bears the burden of demonstrating extraordinary circumstances warranting 60(b) relief, the motion is denied to the extent that he seeks to be relieved from the court's April 20, 2022 order.  See Community Dental Servs., 282 F.3d at 1168.  To the extent that plaintiff needs additional time to file an opposition to the pending summary judgment motion, the court will grant the motion in part and extend plaintiff's filing deadline.  Plaintiff is granted an additional 14 days from the date of this order in which to file an opposition or statement of non-opposition to defendants' pending summary judgment motion.

        Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for relief pursuant to Rule 60(b) is denied, in part, and granted, in part, as described herein.
2. Within 14 days from the date of this order, plaintiff shall file his opposition or statement of non-opposition to the pending summary judgment motion.  Failure to comply with this order will result in dismissal of this action pursuant to Federal Rule

of Civil Procedure 41(b).

3. No further extensions of time will be granted in this matter.

Dated: May 23, 2022

/s/ Carolyn K. Delaney
_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/myer0786.60b.docx

3