UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPIN MYERS, | No. 2:19-cv-00786-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| K. BATES, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 3, 2021, defendants filed a motion for summary judgment and included a notice to plaintiff advising him of the requirements for opposing a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF Nos. 34, 34-1 (defendants' Rand warning to plaintiff regarding opposing summary judgment); see also Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998)(en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Plaintiff did not file an opposition. On May 23, 2022, the court sua sponte granted plaintiff one last 14 day extension of time to file his opposition, but warned him that the failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b). ECF No. 39. The deadline for filing an opposition has now expired, and plaintiff has not responded to the court's May 23, 2022 order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

1

action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).

In considering these five factors, the court finds that the first two strongly support dismissal of this action. Plaintiff filed the complaint in this case over three years ago. ECF No. 1. Since defendants' summary judgment motion was filed, plaintiff has filed pleadings in excess of 150 pages in length, all of which have been focused on discovery issues even though discovery closed in this case on May 4, 2021. Compare ECF Nos. 35, 36, 38 with ECF No. 27 (Discovery and Scheduling Order). Plaintiff continues to litigate dead issues in this case rather than focus on the pending motion for summary judgment. Any additional time spent addressing this case will consume scarce judicial resources.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, also favors dismissal. Plaintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendants to incur additional time and expenses.

The fifth factor also favors dismissal. Plaintiff has been advised of the requirements for opposing summary judgment and has been granted over six months of time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

While public policy favoring disposition of cases on their merits weighs against dismissal of this action as a sanction, this one factor does not outweigh the remaining ones which all strongly support dismissal. See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district court judge to this matter.

/////

1     IT IS FURTHER RECOMMENDED that that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 15, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/myer0786.41(b).msj.docx